COLUMBUS & SOUTHERN OHIO ELECTRIC COMPANY,
APPELLANT, *v.* PUBLIC UTILITIES COMMISSION
OF OHIO, APPELLEE.

(No. 80-503—Decided December 23, 1980.)

*Messrs. Porter, Wright, Morris & Arthur, Mr. Samuel H. Porter, Mr. Curtis A. Loveland* and *Mr. William J. Kelly, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Mr. Harris S. Leven,* for appellee.

*Per Curiam.* Appellant asserts that appellee's refusal to authorize its recovery of the full cost of the emergency energy period violates due process by the taking of private property without just compensation.

We find no merit in appellant's contention.

Appellant asserts that the Fifth and Fourteenth Amendments to the United States Constitution and Sections 1, 16 and 19 of Article I of the Ohio Constitution have been violated by the refusal to allow recovery of the non-fuel costs.

Initially, it is noted that the appellee, by and through its statutory powers, has consistently disallowed utility companies, including appellant, from recovering the non-fuel costs associated with the emergency period in the instant cause. (See *Re Ohio Edison Company,* case No. 77-1249-EL-AIR et al. [November 17, 1978], opinion and order at pages 21-22; *Re Monongahela Power Company,* case No. 78-625-EL-FAC

[November 22, 1978], opinion and order at pages 16-17, and cases cited therein.)

It is undisputed that appellee did order appellant, as well as other utility companies, to purchase energy power in order to prevent curtailment or interruption of service during the emergency period.

Dispositive of appellant's claim of an unjust taking of private property is the fact that appellee simply ordered appellant to do only that which appellant had a statutory obligation to provide for the public.

R. C. 4905.22, which reads in the imperative, states that appellant *must* furnish adequate service to its customers, and provides as follows:

"Every public utility shall furnish necessary and adequate service and facilities, and every public utility shall furnish and provide with respect to its business such instrumentalities and facilities, as are adequate and in all respects just and reasonable. All charges made or demanded for any service rendered, or to be rendered, shall be just, reasonable, and not more than the charges allowed by law or by order of the public utilities commission, and no unjust or unreasonable charge shall be made or demanded for, or in connection with, any service, or in excess of that allowed by law or by order of the commission."

Therefore, appellee imposed no new or additional obligations upon appellant but rather reaffirmed existing statutory obligations. Therefore, there was no taking of private property and, thus, no due process violations.

Furthermore, it is noted that the purpose of appellee's order directing the "purchase [of] all available power" was simply to preserve the integrity of the interconnected network of facilities among electric utility companies. The failure of one utility to maintain an adequate level of reserve power could initiate a regional blackout, which would adversely affect even those utilities with sufficient coal supplies. Therefore, appellee's order, in effect, gave appellant an unquantified benefit by assuring that no other utility's failure to provide energy would adversely reflect upon the appellant's ability to provide future services.

Finally, it is noted that a public utility has no constitutional

right to recover past and unrecovered costs through present and future rates. *Bluefield W. W. & Improvement Co.* v. *Public Service Comm.* (1923), 262 U. S. 679.

For the foregoing reasons, the order of the Public Utilities Commission is affirmed.

*Order affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and DOWD, JJ., concur.

HOLMES, J., dissenting. I must dissent in that I feel that not to reimburse, or at least make certain allowances to this utility company, for all the commission mandated costs associated with the provision of electrical services during the coal strike emergency is not only inequitable, but borders upon being an unconstitutional taking of property and a violation of due process of law.

It is true that R. C. 4905.22 mandates that public utilities furnish necessary and adequate service and facilities, but the utility should in return be compensated in a just and reasonable manner. Here, in my view, the service which the commission ordered was beyond that which would have normally satisfied the utility's duty under the law. It should be reasonably compensated for such service.